IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 3:10-00280
) CHIEF JUDGE HAYNES
)
ROGER DONALD HUMPHREY )

*[Handwritten annotation: ORDER — This motion is DENIED without prejudice as moot. 1-26-12]*

## MOTION TO REOPEN DETENTION HEARING

The defendant, Roger Donald Humphrey, hereby moves this Court to reopen his detention hearing so that he may present evidence that he is not a risk to flee and is not a danger to the community. Mr. Humphrey submits that he is entitled to a new hearing because he now has new evidence, not known to him at the time of the original hearing, that is material to the question of his eligibility for release. Mr. Humphrey submits that he is entitled to reopen the detention hearing pursuant to his fundamental right to bail contained in the Eighth Amendment to the United States Constitution and pursuant to the authority contained at 18 U.S.C. § 3142.

In *United States v. Charles Earl Watson*, No. 11-2338, 475 Fed. App'x. 598, 600 (6th Cir. April 13, 2012) the Court of Appeals discussed the law regarding reopening of a detention hearing:

> A detention hearing may be reopened if: (1) new information exists that was unknown to the movant at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that would reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(f)(2)(B). In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show the defendant is less likely to pose a danger to the community.